OPINION of the court, by
Ch. J. Boyle.
— 'The p-ltmitiff in error obtained against the defendant a judg-mvit :n ejectment in the Bourbon circuit court. To *304 star proceedings upon that judgment the defendant filed his bill with an injunction. This suit was, by change of venue, removed to the Scott circuit court, where it was dismissed upon the rules in the office for. want of a replication, and the order of dismission was afterwards confirmed in court. A copy of this order being produced to the clerk of the Bourbon circuit court, he issued, at the instance of the plaintiff, a writ of habere facing possessionem, bearing date the 30th of October 1809, and returnable the first. Monday of December in the same year. On the day of its date the writ of possession was put into the hands of the sheriff, and executed. At the November term of the Bourbon circuit court, on the motion of the defendant, he having then for the. first time produced his patent, commissioners were appointed under the occupying claimant law ; and immediately thereafter the defendant moved the court to quash the writ of habere facias possessionem, which the court ordered to be done accordingly. To this order of the court the plaintiff excepted, and has prosecuted this writ of error.
Obtaining an »rder for cotn-miiiioners, by the occupying Claimant, at a term fubfequent to judgment in «jectment and after a ⅝⅜ 0y pofieffion re. guiarly issued and executed, «annot furnish pufc for quash, mg the writ of pefie then.
Where a changeofvenue was had in a chancery cauie enjoining proceedings on judgment in e-je&nent,& bill dhmifsed by •he court to which ⅛ was fent 5 upon certified copy 0f iuchdismiflion, the clerk of the court in which judg-sncnt in ejecc-was rendered, properly ifsued a writ af goffeffioB,
The grounds alleged for quashing the execution are, in substance — 1st, That the plaintiff having got an order for the change of venue in the suit in chancery, htdd the order in his pocket long after it was obtained, and thereby lulled the defendant into inattention and prevented him from knowing that the cause was removed until after the bill was dismissed. 2d, That commissioners being appointed and not having acted, no execution ought to issue or be executed. 3d, That the clerk had no right to judge of the dismission of the suit in chancery in Scott, and to issue execution without an order of the court.
Neither of these grounds is sufficient to justify the order quashing the execution.
With respect to the first, however well founded it may be in fact, it cannot affect, in any manner, the regularity or propriety oí the emanation or execution of the writ of possession. The sinister practices of the plaintiff (if such were used by him) in obtaining the dismission of the suit in chancery, might have afforded cause for setting aside the order of dismission, upon an application for that purpose, at any time while the court had power over it; but since no application of that *305 kmd vas bkV, the dismission had become final and l • Tavvt, and no h regularity in the mode of obtain-il"> t could be inquired into or avail the defendant on tli - motion to q’ia=!i .he execution.
Tiie second ground is entitled to still less weight than the first. E Tiber an application for the appointment of ronirci--c¡ users, when made at any time after the n pa at v, Lit h th judgment of eviction is rendered* ought to be sustained, or whether where commissioners art appointed before the execution of the judgment is had, the execution ought to be stayed until the commissioners had acted, are questions which need not now be decided ; for it is evident as the writ of possession had • n tins case been issued and executed prior to the ap-poiniment of commissioners, that appointment, whatever may be the decision of those questions, cannot vitiate the writ, or avoid what had been done under its authority. Were such to be the effect of the appointment of commissioners, and the right shoul 1 be recog-nised of making the appointment at any term subsequent to obtaining the judgment, it would always be in the power of the defendant, by postponing the application for the appointment, to delay the plaintiff’s execution for any indefinite length of time, or to defeat it in case it should have issued before the application for the com* ir.issioners was made.
The third and last ground taken is equally as untenable as the former.
1 he course pursued by the plaintiff is justified by the uniform practice in cases ot the saíne kind, and is certainly calculated to prevent delay and expence, and cannot, it is believed, be attended with any inconvenience or injustice.
Wherefore it is considered by the court that the order of the Bourbon circuit court, quashing the writ of habtre facias possessionem, be reversed and set aside ; and it is further considered that the plaintiff recover of the defendant his costs'in this writ of error expended.